UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-cv-3045 |
| | ) |
| JUAN AGUILA, individually and d/b/a | ) Judge Sharon Johnson Coleman |
| VINIS ON LAWRENCE INC. d/b/a | ) |
| VINI'S PIZZA and VINIS ON | ) |
| LAWRENCE INC. d/b/a VINI'S PIZZA | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff J&J Sports Productions, Inc. ("J&J Sports") filed a two-count complaint against Juan Aguila ("Aguila") and his business, Vinis on Lawrence Inc. ("Vini's"), collectively "Defendants." J&J Sports claims Aguila broadcast a boxing match ("the Match") at Vini's in contravention of J&J Sports' exclusive distribution rights and in violation of the Federal Communications Act ("Communications Act"), 47 U.S.C. § 605, and the Cable Communications Policy Act ("the Cable Act"), 47 U.S.C. § 553. It now moves for summary judgment on its Communications Act claim. For the reasons stated below, the Court denies the motion.

**Background**

The following facts are undisputed.[1] Aguila is an owner of Vini's. Dkt. 47, ¶ 2. On May 5, 2012 the Match was shown at Vini's using a residential Dish Network satellite box ("the box"). *Id.*, ¶ 14. The account associated with the box ("the account") is in the name of Aguila's father. *Id*, ¶ 19.

---

[1] In support of this motion, J&J Sports filed a Rule 56 Statement of Material Facts ("SOMF"). Dkt. 47. Not all of the asserted facts in the SOMF are supported by citations to the record as required by Rule 56. Accordingly, only those facts in the SOMF that are supported by citations to the record are considered undisputed. Fed. R. Civ. P. 56 (e). Defendants filed a statement of additional facts but none of their asserted facts are supported by citations to the record. Dkt. 50. Accordingly, Defendants' statement of additional facts will not be considered for purposes of ruling on this motion.

Aguila personally connected the box to the televisions inside Vini's. *Id.,* ¶16. The account was charged $59.99 for access to the Match. *Id.*, ¶ 23.

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986), but the Court must view all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir.2000).

**Discussion**

*Defendants' Untimely Response*

J&J Sports argues that Defendants response to the motion for summary judgment should be stricken as untimely because it was filed three business days after the deadline set by the Court's briefing schedule. As addressed above, the Court will not consider Defendants' asserted facts because they fail to comply with Rule 56. However, pursuant to its discretion to excuse untimely briefs, *see, e.g., Buggs v. Elgin, Joliet & E. Ry. Co.,* 852 F.2d 318, 322 (7th Cir. 1988), the Court will consider the argument section of Defendants' response to the extent it is relevant.

*Liability under Communications Act*

J&J Sports contends that Defendants violated the Communications Act because 1) Defendants did not order the Match from J&J Sports "or from any authorized party"; 2) Defendants "did not

pay the commercial licensing fees to watch the fight"; and 3) Defendants "intercepted the broadcast" of the Match and showed it to Vini's patrons. Dkt. 48 at 7.

The Communications Act contains four prohibitions, contained in the first four sentences of Section 605(a). 47 U.S.C. §605 (a). Any "person aggrieved" by a violation of 605(a) may bring a civil action for actual or statutory damages. 47 U.S.C. § 605(e)(3). Accordingly, for J&J Sports to prevail in its motion, it must establish that (1) Defendants violated 47 U.S.C. §605(a) and (2) J&J Sports was aggrieved by that violation.

J&J Sports does not specify which sentence of 605(a) it contends that Defendants violated, leaving the Court to deduce the precise nature of the alleged violation by process of elimination. The first sentence of 605(a) cannot apply here, as it "prohibits the divulging of wire or radio transmissions *by communications personnel.*" *United States v. Norris*, 88 F.3d 462, 465 (7th Cir. 1996) (emphasis added). Violations of the second and fourth sentences of 605(a) require an interception. The Court does not agree with J&J Sports that it has established an interception occurred. The word "intercept" in the Communications Act "indicates the taking or seizure [of a communication] . . . before [its] arrival at the destined place." *Goldman v. United States*, 316 U.S. 129, *overruled on other grounds, Katz v. United States,* 389 U.S. 347 (1967). Here J&J Sports has not demonstrated that Defendants seized any satellite signals containing the Match while they were en route to their intended destination. To the contrary, the Match was viewed by Defendants via signals which had already arrived where they were supposed to go: the box. However, because Vini's was not entitled to receive the Match, Aguila assisted Vini's in receiving it, and both used the Match for the benefit others (those who were able to view the Match at Vini's), Defendants violated the third sentence of 605(a). 47 U.S.C. §605(a) ("No person not being entitled thereto shall receive or assist in receiving any [communication] and use such communication . . . for his own benefit or the benefit of another not entitled thereto.").

3

Nevertheless, J&J Sports' motion still fails because it has not established it was a person aggrieved by the violation. In its SOMF, J&J Sports asserts it was granted exclusive distribution rights to the Match, but does not cite to any documents that support such an assertion. Dkt. 47, ¶5. Furthermore, the closed circuit rate card that allegedly establishes the price Defendants should have paid to J&J Sports in order to show the Match at a commercial establishment does not contain any reference to J&J Sports. Dkt. 49-4. To the contrary, the rate card states that G&G Closed Circuit Events is the sole commercial licensor of the Match. *Id.* Because there is nothing in the record that establishes J&J Sports held a legally cognizable interest in the Match, it has failed to establish it is a person aggrieved by Defendants' violation of 605(a).[2]

**Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment [46] is denied.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: November 13, 2015

---

[2] The Court takes judicial notice of the fact that counsel for Plaintiff frequently represents both J&J Sports and G&G Closed Circuit Events in cases similar to this one and often prevails in such cases because of defendants' default. Nonetheless, when a plaintiff moves for summary judgment it bears the burden of establishing the essential elements of its claim, *see Celotex,* 477 U.S. at 322-23, and the Court will not make assumptions to fill in the gaps where a plaintiff has failed to so establish.