# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-3045 |
| | ) | |
| JUAN AGUILA, individually and d/b/a | ) | Judge Sharon Johnson Coleman |
| VINIS ON LAWRENCE INC. d/b/a | ) | |
| VINI'S PIZZA and VINIS ON | ) | |
| LAWRENCE INC. d/b/a VINI'S PIZZA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff J&J Sports Productions, Inc. ("J&J Sports") filed a two-count complaint against Juan Aguila ("Aguila") and his business, Vinis on Lawrence Inc. ("Vini's"). J&J Sports claimed in its complaint that Aguila broadcast a boxing match ("the Match") at Vini's in contravention of J&J Sports' exclusive distribution rights and in violation of the Federal Communications Act ("Communications Act"), 47 U.S.C. § 605, and the Cable Communications Policy Act ("the Cable Act"), 47 U.S.C. § 553. J&J Sports then moved for summary judgment on its Communications Act claim. This Court denied summary judgment because J&J Sports failed to establish it was a "person aggrieved" by Aguila's violation of the Communications Act, and therefore had failed to establish it had a right to damages.

J&J Sports now moves for reconsideration of this Court's denial of summary judgment. For the reasons stated below, the Court denies the motion.

**Background**

The undisputed facts from this Court's earlier ruling on J&J Sports' motion for summary judgment are reproduced here: Aguila is an owner of Vini's. Dkt. 47, ¶ 2. On May 5, 2012 the

Match was shown at Vini's using a residential Dish Network satellite box ("the box"). *Id.*, ¶ 14. The account associated with the box ("the account") is in the name of Aguila's father. *Id,* ¶ 19. Aguila personally connected the box to the televisions inside Vini's. *Id.,* ¶16. The account was charged $59.99 for access to the Match. *Id.*, ¶ 23.

**Legal Standard**

Rule 54(b) grants courts the discretion to revise any non-final order at any time before a final judgment in the case is entered. Fed. R. Civ. P. 54(b). Because of the doctrine of the law of the case, courts ought to refrain from revisiting an earlier ruling in the same litigation absent a compelling reason, such as manifest error or a change in the law. *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571-72 (7th Cir. 2006).

**Discussion**

In its Rule 56 Statement of Material Facts ("SOMF"), J&J Sports asserted that it was granted exclusive distribution rights to the Match ("Distribution Rights Fact"), but failed to cite to any documents that supported such an assertion. Dkt. 47, ¶ 5. Notwithstanding the lack of support for the Distribution Rights Fact, J&J Sports maintains it should be deemed undisputed pursuant to Local Rule 56.1 because Aguila failed to controvert it. Alternatively, J&J Sports requests that this court permit it to supplement the record pursuant to Rule 56(e)(1) to adequately support the Distribution Rights Fact.

Local Rule 56.1 contains a subparagraph (a), which addresses the procedural obligations of the moving party, and a subparagraph (b), which addresses the procedural obligations of the opposing party. Subparagraph (a) provides that each paragraph of a moving party's SOMF shall include "specific references to the affidavits, parts of the record, and other supporting materials" that support the facts set forth in the paragraph. Subparagraph (b) provides that if an opposing party does not controvert a fact in the moving party's SOMF by way of its own SOMF, that fact "will be

2

deemed to be admitted." In arguing that the Court failed to abide by Local Rule 56.1, J&J Sports focuses solely on subparagraph (b) and ignores subparagraph (a). But the two parts Local Rule 56.1 must be read in concert. Accordingly, facts that are not controverted will be deemed admitted, but only to the extent they are supported by the record. *See Keeton v. Morningstar, Inc.,* 667 F.3d 877, 880 (7th Cir.) (an uncontroverted fact is credited "*to the extent that it is supported by evidence in the record*") (emphasis added); *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (a moving party does not comply with Local Rule 56.1 when he fails to "adequately cite the record"). Because the Distribution Rights Fact was not supported by the record, the Court did not commit an error of law by failing to deem it admitted.

J&J Sports also argues that this Court should permit J&J Sports to supplement the record pursuant to Rule 56(e)(1), rather than uphold its denial of summary judgment, "in the interests of justice and economy." Dkt. 57 at 4. If establishing the Distribution Rights Fact would dispense with the entirety of the case, the Court might be inclined to agree that judicial economy is not served by requiring a trial over a fact that Aguila does not meaningfully dispute.

However, the amount of damages remains to be determined. The Court did not reach this issue in its earlier ruling on summary judgment, but J&J Sports' argument regarding judicial economy opens the door for the Court to address it now. Where a violator of the Communications Act did not know "and had no reason to believe" his actions violated the Communications Act, this Court has the discretion to award *de minimis* damages of $250. 47 U.S.C. § 605(e)(3)(C)(iii). Because J&J Sports' motion for summary judgment did not present undisputed facts that rule out the appropriateness of a *de minimis* damages award, reconsideration of the Distribution Rights Fact would not eliminate the need for a bench trial. As it would not aid judicial economy and there has been no manifest error of law, the Court declines to reconsider its earlier ruling denying summary judgment.

3

**Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration [56] is denied.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  January 14, 2016